**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:21-CV-00087-HBB**

**GREGORY B.**[1]                                                                                                                    **PLAINTIFF**

**V.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**[2]
**SOCIAL SECURITY ADMINISTRATION**                                         **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Gregory B. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 12) and Defendant (DN 16) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED.**

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered November 15, 2021 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1   Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2   Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on June 9, 2019 (Tr. 25, 167-69, 170-76). Plaintiff alleges to have become disabled on June 27, 2017, as a result of unspecified asthma, moderate persistent asthma with acute exacerbation, exercise induced bronchospasm, restless leg syndrome (poorly managed), essential hypertension, polyosteoarthritis, anxiety, depression, sleep disorder with sleep apnea tendency, and insomnia (Tr. 25, 65-66, 82, 202). The claim was initially denied on December 9, 2019, and again upon reconsideration on February 28, 2020 (Tr. 25, 78, 79, 94, 95). Thereafter, on April 6, 2020, Plaintiff filed a written request for a hearing before an administrative law judge (Tr. 25, 120-21).

Due to the extraordinary circumstances of Covid-19, Administrative Law Judge Kevin R. Martin ("ALJ") conducted a telephone hearing on September 22, 2020 (Tr. 25, 46-49). Plaintiff was present on the line with his attorney Nathan L. Bishop (Id.). Ginny Speelman testified during the hearing as a vocational expert (Id.).

On October 5, 2020, the ALJ rendered a decision pursuant to the five-step sequential process which found Plaintiff not disabled (Tr. 25-40). The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023 (Tr. 27). At the first step, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 27, 2017, the alleged onset date (Id.). At the second step, the ALJ determined Plaintiff has following severe impairments: restless leg syndrome, asthma, osteoarthritis in the right ankle, carpal tunnel syndrome, chronic sinusitis, and obesity (Id.). Plaintiff's hypertension, sleep apnea, depression, and anxiety were found to be nonsevere (Tr. 28-30). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 404.1567(c), except for the following limitations: he is not able to lift over 40 pounds; can frequently climb ramps and stairs; never climb ladders, ropes, or scaffolding; frequently stoop, kneel, crouch, and crawl; can frequently, but on constantly, hand and finger bilaterally; would need to avoid concentrated exposure to vibration and respiratory irritants such as fumes, odors, dusts, gases, and poor ventilation; and would need to avoid all exposure to hazards such as unprotected heights (Tr. 30). The ALJ found Plaintiff unable to perform any past relevant work (Tr. 38).

After this finding, the ALJ continued to the fifth step, where the ALJ considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, to find that Plaintiff is able to perform other jobs that exist in significant numbers in the national economy (Tr. 38). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 27, 2017, the alleged onset date, through the date of the decision, October 5, 2020 (Tr. 39-40).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 166). The Appeals Council denied the request (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Hum. Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Hum. Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when

a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Hum. Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. § 401 *et seq*. The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

4

    1)    Is the claimant engaged in substantial gainful activity?

    2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)    Does the claimant have the residual functional capacity to return to his or her past relevant work?

    5)    Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 5: RFC and Medium Work

    1. Arguments of the Parties

Plaintiff presents one main argument and another that would take effect should the first argument be successful (DN 12-1, pp. 3-7). Plaintiff's primary argument contends that the ALJ's RFC determination is not supported by substantial evidence, as the RFC does not adequately take Plaintiff's walking limitations into consideration (Id. at pp. 3-7). Based upon his medical records (Tr. 339, 387, 624, 660, 662), his wife's function report on his abilities (Tr. 221, 235), and his self-reported function report (Tr. 293), Plaintiff concludes that he is unable to meet the walking or physical exertion requirements of a medium work RFC and the ALJ's failure to consider these limitations results in error (DN 12-1, p. 6-7). This leads to the secondary argument: as the RFC finding of medium work is flawed, a new review of the Medical Vocational Rules, using a light or sedentary RFC, would direct a finding of Disabled (Id. at p. 6) (citing Grid Rules 201.06, 202.06)

5

In contrast, Defendant contends that the ALJ "reasonably determined" Plaintiff's RFC and "appropriately found that Plaintiff could perform a limited range of medium work" (DN 16, p. 6). Defendant maintains that the ALJ's findings are consistent with the prior administrative findings of the State agency consultants who also found that Plaintiff could perform a reduced range of medium work but also that the ALJ took all of Plaintiff's impairments into condition when fashioning an even more restrictive RFC by including manipulative and lifting limitations (Id.) (citing Tr. 30, 37, 74-76, 90-92). Defendant reiterates that the ALJ detailed the objective medical documentation, function reports, the opinion evidence, prior administrative findings, and Plaintiff's testimony at the administrative hearing when considering Plaintiff's impairments (Id. at pp. 6-10). Moreover, Defendant construes Plaintiff's arguments as "not arguing that the ALJ failed to comply with the medical opinion regulations" (Id. at p. 10). As for Plaintiff's secondary argument, with the ALJ's RFC of a reduced range of medium work being proper, Medical-Vocational Rules 201.06 and 202.06 do not apply; thus, Plaintiff's argument fails (Id. at pp. 15-16). In conclusion, Defendant asserts that the ALJ's decision should not be reversed (Id.).

2. Discussion

The RFC finding is an administrative law judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The administrative law judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC finding, the administrative law judge must necessarily evaluate the persuasiveness of the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the administrative law judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the administrative law judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. In assessing the subjective allegations of the claimant, a statement that a claimant is experiencing pain or other symptoms will not, taken alone, establish disability; there must be medical signs and laboratory findings which show existence of a medical impairment reasonably expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 404.1529(a). When the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the administrative law judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3). Included in these considerations are the claimant's level of daily activity, the frequency that the claimant has sought treatment, the medication used to alleviate the alleged pain or other symptoms, and whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence[.]" 20 C.F.R. § 404.1529(c)(3)-(4); *see also* Social Security Ruling 16-3p.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the above alleged symptoms; however, [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 32).

7

Immediately following, the ALJ opined that "[t]he objective medical evidence and [Plaintiff]'s treatment history are only somewhat consistent with the degree of subjective allegations alleged" (Id.). In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and/or other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of Plaintiff, the conclusion of the ALJ, who has the opportunity to observe Plaintiff's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Hum. Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). "[T]he administrative law judge's credibility findings may not be disturbed absent 'compelling reason' . . . [and] are virtually 'unchallengeable.'" Ritchie v. Comm'r of Soc. Sec., 540 F. Appx. 508, 511 (6th Cir. 2013) (quoting Payne v. Comm'r of Soc. Sec., 402 F. Appx. 109, 113 (6th Cir. 2010)); *see also* Shepard v. Comm'r of Soc. Sec., 705 F. Appx. 435, 442 (6th Cir. 2017) (same). Plaintiff's arguments, to the effect that they are contesting the ALJ's determinations as to his subjective statements, does not meet the threshold of a "compelling reason." While Plaintiff reports an inability to lift over 40 pounds due to exertion and losing his breath, only being able to walk for a single block before needing a fifteen-to-twenty-minute rest before resuming, and tingling and numbness in his hands (Tr. 221-23), the ALJ expressly considered these reports in the RFC analysis (Tr. 31) (citing Tr. 215-23). Likewise, the ALJ also considered Plaintiff's level of daily living and the activities associated, Plaintiff's medication regimen and reported side effects, and the frequency of Plaintiff's visits to his medical providers—all considerations permitted by the regulations (Tr. 31-36). *See* 20 C.F.R. § 404.1529(c)(3)-(4); *see also* Social Security Ruling 16-3p.

8

Moreover, when looking to Plaintiff's wife's function report, Plaintiff reiterates that his wife also opined that he could only walk a single block before needing a fifteen-minute rest (DN 12-1, p. 5) (citing Tr. 235). This is nearly identical to the comments by Plaintiff in his self-reported function reports (*Compare* Tr. 235 *with* Tr. 221, 291). While the ALJ did not discuss Plaintiff's wife's function report in the RFC analysis, the ALJ did consider and cite to the report when conducting the step three analysis (Tr. 28-29). *See generally* Vitale v. Comm'r of Soc. Sec., No. 16-12654, 2017 U.S. Dist. LEXIS 159500, at *5 (E.D. Mich. Sept. 28, 2017) ("[I]t is proper to read the ALJ's decision as a whole . . .") (citation omitted); *see also* Mitchell v. Comm'r of Soc. Sec., No. 1:19-cv-1401, 2020 U.S. Dist. LEXIS 48401, at *39 (N.D. Ohio Mar. 12, 2020) (same).

Next, when looking to the regulations regarding the ALJ's evaluation of the medical opinions, the new regulations apply as Plaintiff filed his application after March 27, 2017 (Tr. 25, 167-69, 170-76). *See* 20 C.F.R. § 404.1520c. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," in the record, even if it comes from a treating medical source. 20 C.F.R. § 404.1520c(a). Instead, administrative law judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings utilizing five factors in paragraphs (c)(1) through (c)(5). 20 C.F.R. § 404.1520c(a) and (b).

In the present case, Plaintiff does not directly challenge the ALJ's consideration of the medical opinion evidence or even allege that the ALJ did not comply with the applicable regulations (*see* DN 12-1, pp. 3-6). Instead, Plaintiff references a letter, dated August 14, 2017, from his primary care physician, Dr. Dennis Newberry, stating that exertion would "produce observable symptoms" from his exercise-induced asthma, asthmatic bronchitis, and restless leg syndrome (Id. at p. 4) (citing Tr. 339). Moreover, the letter stated that Plaintiff's medications

9

would impair his ability to drive and would diminish reaction time (Id. at pp. 4-5) (citing Tr. 339). The ALJ considered this letter when reviewing Dr. Newberry's opinions under the applicable regulations (Tr. 37). The ALJ also considered a previous letter from Dr. Newberry dated June 27, 2017 (Id.) (citing Tr. 338). The ALJ found this opinion to be "only somewhat persuasive" as "Dr. Newberry's opinion is not a function-by-function analysis" nor does it "address [Plaintiff's] ability to other work activities" (Id.). More specifically, the August 2017 letter states, "[Plaintiff] cannot continue in the current job of 'outside plant technician' as I understand the job responsibilities . . ." (Tr. 339). The ALJ, subsequent to crafting Plaintiff's RFC, found that Plaintiff was unable to perform any past relevant work (Tr. 38), which is consistent with that portion of the letter. As for the medication side effects, both of Plaintiff's self-reported function reports, with the first report being listed in the State agency medical consultants' document review, indicated that Plaintiff could and did drive on a limited basis (Tr. 73, 89, 219, 289). This ability to drive, which contradicted Dr. Newberry's letter, was considered by the ALJ (Tr. 31).

Additionally, Plaintiff references a notation by Dr. Newberry in which Plaintiff could lift up to 40 pounds (DN 12-1, p. 5) (citing Tr. 340). The regulations state that an RFC of medium work involves frequently lifting no more than fifty pounds at a time or carrying up to twenty-five pounds. 20 C.F.R. § 404.1567(c). However, such a limitation in Plaintiff's ability to lift was considered and accounted for in the ALJ's RFC determination when the ALJ explicitly found that Plaintiff "is not able to lift over 40 pounds" (Tr. 30).

Finally, Plaintiff cites to two documents which indicated Plaintiff had shortness of breath after a stress test in April 2017 and had shortness of breath and wheezing after walking up an incline (DN 12-1, p. 5) (citing Tr. 387, 624), in addition to statements made during a consultative examination where Plaintiff indicated that he was instructed by his physician not to stand for over

two hours or sit for over three hours and that he was able to walk around his yard but the walk triggered his asthma (Id. at pp. 5-6) (citing Tr. 660, 662). However, these citations do not preclude a finding that the ALJ's decision is supported by substantial evidence. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993) (quoting Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). Moreover, the ALJ extensively discussed and considered the medical records contained within the exhibits where Plaintiff's pages are located (*see* Tr. 31-37). As for the statements by Plaintiff, the ALJ also referenced, cited, and considered the consultative evaluation in the step three analysis (*see* Tr. 28-29). *See generally* Vitale v. Comm'r of Soc. Sec., No. 16-12654, 2017 U.S. Dist. LEXIS 159500, at *5 (E.D. Mich. Sept. 28, 2017) ("[I]t is proper to read the ALJ's decision as a whole . . .") (citation omitted).

As for the prior administrative findings in the record, the ALJ found the opinions of the State agency medical consultants to be "only somewhat persuasive" (Tr. 37). The consultants found Plaintiff capable of performing medium work and did not include a more restrictive walking limitation (Tr. 74-76, 90-92), but the ALJ included more restrictive limitations as to lifting and bilateral handling and fingering "given the combined effects of [Plaintiff]'s severe impairments" (Tr. 37).

Therefore, the ALJ considered the evidence contained in the administrative record when crafting Plaintiff's RFC, including the pages and statements in Plaintiff's present arguments, and did not err when deciding not to include a walking or exertion limitation. Thus, the medium work RFC as crafted by the ALJ is supported by substantial evidence and comports with applicable law; Plaintiff is awarded no relief under this challenge.

Turning to Plaintiff's secondary argument (DN 12-1, pp. 6-7), it remains inoperable. The condition-precedent to this challenge becoming persuasive was for the ALJ's medium work RFC to not be supported by substantial evidence; the finding above prevents such a condition. As the ALJ's medium work RFC is supported by substantial evidence, there is no reason for the ALJ to have considered the Medical-Vocational Rules for a light or sedentary RFC; Plaintiff's argument fails. *See* Johnny D. v. Kijakazi, No. 1:21-CV-00030-HBB, 2022 U.S. Dist. LEXIS 135045, at *16 (W.D. Ky. July 28, 2022) ("Even then, with the Court considering and rejecting Plaintiff's arguments about the ALJ's RFC analysis, the condition-precedent to support Plaintiff's claims remains unfulfilled. . . . [T]here is no basis of error for the later objections[.]"); Basham v. Comm'r of Soc. Sec., No. 3:17-CV-635-CHL, 2019 U.S. Dist. LEXIS 51674, at *18 (W.D. Ky. Mar. 27, 2019) ("As the undersigned already found the ALJ's restriction of [Plaintiff] to light work in her RFC determination was supported by substantial evidence, [Plaintiff]'s argument regarding a GRID analysis as to sedentary work fails on its face.").

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Id. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief as to his challenge.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

August 22, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel of Record